## AMES et al. v. FARRELLY.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

No. 860.

**1. REVIEW ON ERROR—VARIANCE—WAIVER OF OBJECTION.**
The objection that defendants were sued as individuals, whereas the evidence showed that the contract sued on was made by a mining partnership composed of defendants and another who was not joined, is one which the defendants could waive; and, where it was not made or ruled on in the trial court, it cannot be raised for the first time in the appellate court.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

J. C. Campbell, W. H. Metson, R. W. Campbell, Ira D. Orton, and Campbell, Metson & Campbell, for plaintiffs in error.

William T. Love, Bruce Knott, and Albert H. Elliot, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. One Joseph Henry was the owner of an undivided one-half interest in three mining claims in the Kougrock mining district, Alaska, known as claim No. 14 on Harris creek, No. 5 on Dahl creek, and No. 9 on Quartz creek. The other one-half interest was owned jointly by the plaintiffs in error, but the legal title thereto stood in the name of D. J. Horgan. In the mining season of 1901 the defendant in error and Frank Petrick performed work and labor on these claims at the instance of Henry at the agreed wages of $10 per day, and later at $6 per day. Henry agreed with them to pay for his half of the work so done by conveying to them a one-fourth interest in the Harris creek claim, and he informed them that F. H. Ames would pay for the other half. For one-half of the work so done on the three claims, the defendant in error, on behalf of himself and as assignee of Petrick and others, brought an action in a justice court to recover $997; alleging in his complaint that the work was done at the instance of the plaintiffs in error. He obtained a judgment for $762 and costs. The plaintiffs in error took an appeal to the District Court, where the cause was tried before the court without a jury. The court made findings of fact and rendered a judgment in favor of the defendant in error for $1,014.90 and costs. Plaintiffs in error now seek to review that judgment.

The assignments of error challenge the findings of the District Court as to the work done on the Harris Creek claim on the ground that there is no evidence that the plaintiffs in error contracted for said work or became responsible therefor. In brief, it is the contention of the plaintiffs in error that, notwithstanding the proof of their liability for work done on the Dahl Creek and the Quartz Creek claims, there is no evidence that they ever authorized the employment of men to work on the Harris Creek claim. The plaintiffs in error and Henry were the owners of three claims. The work on

the Harris Creek claim was the work first done in the season. About the 1st of August, Ames, one of the plaintiffs in error, sent into the mining district one Satler to represent him as his agent. When Satler arrived, the men were taken away from the Harris Creek claim, and were put to work on the other two claims. There is evidence to sustain the verdict of a jury—therefore evidence sufficient to sustain the finding of the court—that the plaintiffs in error had, together with Henry, contracted for all the work done on all the claims. Horgan, one of the plaintiffs in error, testified that before the mining season began it had been arranged between the plaintiffs in error and Henry that work should be done to develop the claims during that season, and that Henry represented the plaintiff in error in the development. There was no evidence to contradict that testimony.

It is contended that judgment was erroneously entered, under the pleadings, for one-half of Petrick's account for work done on the Harris Creek claim. The total work of Farrelly and Petrick on that claim amounted to $510 each. It is argued that each received half payment of their claim by the conveyance from Henry, and that, as to the unpaid half of Petrick's claim, it is neither alleged nor proven that it was assigned to Farrelly. Petrick, however, testified that he and Farrelly were partners, and that he consented to the bill which was made out in Farrelly's name for the full amount due them both. He could not be heard now to assert a claim against the plaintiffs in error, and the plaintiffs in error cannot complain so long as the judgment discharges their liability as to both Petrick and Farrelly. They made no objection to the introduction of the evidence on the ground that Petrick had made no assignment to Farrelly.

It is contended on the argument that it was error to enter judgment against the plaintiffs in error for the work done on the Dahl Creek and Quartz Creek claims, for the reason that the complaint alleged that the work was done under contract with the plaintiffs in error as individuals, whereas the evidence showed that it was done under a mining partnership composed of the plaintiffs in error and Henry. This point is made for the first time in this court. There was no objection taken either in the justice court or in the District Court upon the ground of the nonjoinder of Henry as party defendant in the action, and no objection was interposed to any of the evidence upon the ground of its variance from the pleadings. This court, it is true, will, under its rule 12 (3 Sup. Ct. ix), take notice of a plain error not assigned, but the question before us is whether the trial court erred in its rulings. That court was not asked to make any ruling upon the points which are now suggested, and, as to the rulings that were made, we find no error in any of them. The objection that their copartner was not joined as party defendant was one that the plaintiffs in error could waive, and they waived it. Civ. Code Alaska, §§ 50, 61, 62.

We think this a proper case for the application of section 2 of rule 30, and damages of 10 per cent., in addition to interest, will be awarded upon the amount of the judgment, which judgment we affirm.